UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23654-BLOOM/Torres

RICHARD C. MURPHY, III; and
KATHLEEN T. MURPHY

   Plaintiffs,

       vs.

AIRWAY AIR CHARTER INC.
d/b/a Noble Air Charter; VENTURE
AIR SOLUTIONS, INC.;
ALEX GUTIERREZ, individually; and.
ATLANTIC AVIATION – OPA LOCKA
LLC d/b/a Atlantic Aviation,

   Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Airway Air Charter, Inc. ("Airway") and Alex Gutierrez's ("Gutierrez") Motion to Dismiss Plaintiffs' Fourth Amended Complaint, ECF No. [38] ("Motion"), filed on December 22, 2023. Plaintiffs Richard Murphy and Kathleen Murphy (collectively "Plaintiffs") filed a Response in Opposition, ECF No [42] ("Response"), to which Airway and Gutierrez filed a Reply, ECF No. [43] ("Reply"). The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

Plaintiffs filed their Fourth Amended Complaint on December 22, 2023, ECF No. [37]. The Fourth Amended Complaint contains the following allegations:

On January 5, 2022, Richard C. Murphy, III ("Murphy") boarded a Cessna 402B, Registration N145TT ("Aircraft") in Opa Locka, Florida with a final destination of Chub Cay, The Bahamas. *Id.* ¶ 18. The Aircraft is owned by Defendant Venture Air Solutions, Inc. and was operated by Defendant Airway, with Defendant Atlantic Aviation – Opa Locka, LLC ("Atlantic Aviation") providing supplies and fuel. *Id.* ¶¶ 9-10, 17. Gutierrez was the pilot in command on January 5, 2022. *Id.* ¶ 11. Murphy was the sole passenger. *Id.* ¶ 18. The Aircraft ran out of fuel mid-flight, causing it to crash into the ocean. *Id*. Murphy sustained several injuries as a result of the crash, including spinal fractures. *Id.* Kathleen Murphy suffered a loss of consortium due to the injuries her husband suffered from the subject plane crash. *Id*. ¶ 45.

The Amended Complaint alleges Airway (Count I) and Gutierrez (Count II) are liable for Murphy's injuries under Article 17 of the Warsaw Convention. *Id.* ¶¶ 22-35. Count III alleges Venture Air Solutions, Inc. is vicariously liable for Airway and Gutierrez's negligent operation and piloting of the Aircraft. Count IV alleges a negligence claim against Atlantic Aviation for failing to properly fuel and supply the Aircraft. *Id.* ¶¶ 36-42.

Plaintiff originally filed this action against Defendants Airway, Gutierrez, and Venture Air Solutions, Inc. on April 25, 2022 in the Circuit Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled *Murphy v. Airway Air Charter, Inc. et al*, Case No.: 2022-007616-CA-01.[1] The initial Complaint alleged negligence and vicarious liability claims against Gutierrez and Airway under Florida common law. Defendants filed a motion to dismiss, arguing that the claims are governed by the Warsaw Convention, not Florida common law. Plaintiffs subsequently filed their First Amended Complaint alleging liability for Murphy's injuries under the Warsaw Convention. Defendants then moved to dismiss Plaintiffs' First Amended Complaint, arguing

---

[1] The Court takes judicial notice of *Murphy v. Airway Air Charter, Inc. et al*, Case No.: 2022-007616-CA-01, including all docket entries.

Plaintiffs' strict liability claims are unenforceable under the Warsaw Convention. Plaintiffs then filed a Second Amended Complaint. Defendants Airway and Gutierrez both answered the Second Amended Complaint on July 13, 2023. Neither Gutierrez nor Airway raised the affirmative defense of release from liability due to a contractual agreement. The state court subsequently granted Plaintiffs leave to file a Third Amended Complaint in order to add Defendant Atlantic Aviation to the case.

Atlantic Aviation thereafter removed this case on the basis of federal question and admiralty jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333, 1441, and 1446. *See* ECF No. [1]. Once removed, Plaintiffs filed a Fourth Amended Complaint, ECF No. [37], and attached a Terms and Condition Agreement ("Charter Agreement") signed by Murphy and Airway. *See generally* ECF No. [37-2]. Relevant here, the Charter Agreement includes a provision releasing Airway of liability "for any injury." *Id*. ¶ EE ("Liability Waiver"). The Liability Waiver provides in pertinent part:

> **EE. LIMITATION OF LIABILITY: CHARTER COMPANY SHALL NOT BE LIABLE FOR ANY INJURY, DAMAGE, LOSS, EXPENSE, INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL, PUNITIVE OR EXEMPLARY DAMAGES . . . WHETHER IN CONTRACT OR TORT (INCLUDING STRICT LIABILITY OR NEGLIGENCE)**

*Id.*

Defendants Venture Solutions and Atlantic Aviation each filed an Answer to the Fourth Amended Complaint. ECF Nos. [39], [40]. Defendants Airway and Gutierrez filed the instant Motion, arguing Plaintiffs fail to state a claim for relief because the Liability Waiver releases Airway and Gutierrez from any liability arising from the plane crash. ECF No. [38]. Plaintiffs respond that (1) the Motion is untimely, (2) Airway and Gutierrez waived their reliance on the Liability Waiver by failing to raise this affirmative defense in state court, (3) the Liability Waiver

3

does not bar their claims, and (4) the Liability Waiver contravenes the Warsaw Convention. ECF No. [42].

## II. LEGAL STANDARD

### A. Failure to State a Claim for Relief

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

### B. Warsaw Convention/Montreal Convention

The Warsaw Convention was signed in 1929 with a goal to "achieve uniformity of rules governing claims arising from international air transportation."[2] *Eastern Airlines v. Floyd*, 499 U.S. 530, 552 (1991). In 1999, fifty-two countries, including the United States, signed the Montreal Convention, "a treaty to replace the Warsaw Convention."[3] *Eli Lilly & Co. v. Air Exp. Int'l USA, Inc.*, 615 F.3d 1305, 1308 (11th Cir. 2010); *see Jacob v. Korean Air Lines Co.*, No. 12–62384-CIV., 2014 WL 243150, *19 (S.D. Fla. 2014) ("The Montreal Convention became effective in the United States on November 4, 2003, updating and replacing the uniform system of liability for international air carriers previously established by the Warsaw Convention.").

Courts accordingly rely on cases interpreting the Warsaw Convention "where the equivalent provision of the Montreal Convention is substantively the same." *Espinoza Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1360 (S.D. Fla. 2008). Both the Supreme Court and the Eleventh Circuit have concluded "the Montreal Convention 'is the exclusive mechanism of recovery for personal injuries suffered on board an aircraft.'" *Vanderwall v. United Airlines, Inc.*, 80 F. Supp. 3d 1324, 1335 (S.D. Fla. 2015) (quoting *Marotte v. Amer. Airlines, Inc.*, 296 F.3d 1255, 1259 (11th Cir. 2002)); *El Al Isr. Airlines v. Tsui Yuan Tseng*, 525 U.S. 155, 176 (1999) (holding that "the Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law.").

Article 1 of the Montreal Convention provides that the Convention "applies to all international carriage of persons, baggage, or cargo performed by aircraft for reward." Montreal

---

[2] Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934) ("Warsaw Convention").
[3] Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, as amended by the Protocol Done at the Hague on September 8, 1955, reprinted in S. Exec. Rep. No. 105-20, pp. 21-32 (1998) ("Montreal Convention").

Convention art. 1. Article 17(1) explains aircraft carriers are liable for injuries suffered by passengers:

> 1. The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

*Id.* art. 17(1). Relevant here, Article 21(1) provides that "[f]or damages arising under paragraph 1 of Article 17 not exceeding 100 000 Special Drawing Rights for each passenger, the carrier shall not be able to exclude or limit its liability." *Id.* art. 21(1). Article 23 explains "Special Drawing Right" refers to a national currency's "Special Drawing Right as defined by the International Monetary Fund." *Id.* art 23.[4] Article 26 in turn provides:

> Any provision tending to relieve the carrier of liability or to fix a lower limit than that which is laid down in this Convention shall be null and void, but the nullity of any such provision does not involve the nullity of the whole contract, which shall remain subject to the provisions of this Convention.

*Id.* art. 26.

## III. DISCUSSION

Airway and Gutierrez seek dismissal of Plaintiffs' Fourth Amended Complaint and contend Plaintiffs claims fail because the Liability Waiver releases them from liability for injuries resulting from the plane crash. Plaintiffs respond that the Motion is untimely because Airway and Gutierrez waived their reliance on the Liability Waiver by failing to previously raise this defense when

---

[4] The United States' implementing regulation provides that this sum is fixed at $75,000.00 USD, not at the United States' Special Drawing Right. 14 C.F.R. § 203.4 (2019) ("Participation in the Montreal Agreement, whether by signing the Agreement, filing a signed counterpart to it under § 203.3, or by operation of law under § 203.5, shall constitute a special agreement between the carrier and its passengers as a condition of carriage that a liability limit of not less than $ 75,000 (U.S.) shall apply under Article 22(1) of the Warsaw Convention for passenger injury and death.").

initially moving to dismiss Plaintiffs' Complaint in state court.[5] Plaintiffs similarly contend Airway waived reliance on the Liability Waiver by arguing the Warsaw Convention applies to this case in its previous motion to dismiss. Plaintiffs also argue the Liability Waiver relied upon by Airway and Gutierrez does not bar Plaintiffs' claims because it is ambiguous and therefore unenforceable under Florida law, and it does not apply to Gutierrez. Lastly, Plaintiffs argue the Liability Waiver is unenforceable under the Warsaw Convention.

### A. Waiver

As noted, Airway and Gutierrez argue that the Liability Waiver signed by Murphy constitutes a valid and enforceable agreement releasing them from any liability arising from the subject plane crash. Plaintiffs respond that Airway and Gutierrez's Motion must be denied because they waived reliance on the Liability Waiver under both the Florida and Federal Rules of Civil Procedure by failing to previously raise this affirmative defense in state court, and by previously arguing the Warsaw Convention applies to this case. Airway and Gutierrez reply that they did not waive reliance on the Liability Waiver because Plaintiffs have since amended their Complaint and, accordingly, they may raise any and all arguments in favor of dismissal.

As a threshold matter, the Federal Rules of Civil Procedures apply to this case. Rule 81 provides the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). The Court consequently must "treat everything that occurred in the state court as if it had taken place in the district court[.]" *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir. 1989). Plaintiffs' argument that Defendants waived reliance on

---

[5] Plaintiffs characterize this as a timeliness argument. However, Plaintiffs' briefing makes clear their position is that Airway and Gutierrez waived their reliance on the Liability Waiver. Plaintiffs do not argue that the Motion is itself untimely.

the Liability Waiver under the Florida Rules of Civil Procedure thus provides no basis for denying the Motion.

Plaintiffs correctly observe that a defendant typically waives reliance on an affirmative defense if they fail to raise that defense in a responsive pleading. However, "[n]either a motion to dismiss nor a motion for summary judgment constitutes a responsive pleading for purposes of the federal rules." *Chilivis v. SEC*, 673 F.2d 1205, 1209 (11th Cir. 1982). Airway and Gutierrez were accordingly *not* required to raise all affirmative defenses available to them in a motion to dismiss under the Federal Rules of Civil Procedure.[6] However, when filing a responsive pleading—namely, an answer—to a complaint, Rule 8 provides a defendant "must affirmatively state any affirmative defense including . . . release." Fed. R. Civ. P. 8(c)(1). Here, Airway and Gutierrez answered Plaintiffs' Second Amended Complaint but failed to raise the affirmative defense of release based on the Liability Waiver. *See Murphy v. Airway Air Charter, Inc. et al*, Case No.: 2022-007616-CA-01, ECF Nos. [124], [126].

Airway and Gutierrez do not argue that the affirmative defense was unavailable to them when they filed their Answers. Instead, Airway and Gutierrez point out that, under the Federal Rules of Civil Procedure, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power. Co*, 483 F. 3d 1184, 1219 (11th Cir. 2007). Airway and Gutierrez contend that when Plaintiffs filed their Fourth Amended Complaint their ability to raise the affirmative defense of release was accordingly revived. However, as Plaintiffs correctly observe, this ignores the Eleventh Circuit's observation that "the filing of an

---

[6] Plaintiffs are accordingly incorrect that Airway waived reliance on the Liability Waiver by failing to raise it when previously moving to dismiss Plaintiffs' Complaint in state court. As explained below, Airway waived this affirmative defense by failing to raise it in their Answer to Plaintiff's Second Amended Complaint.

8

amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint." *Krinsk v. Suntrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Rule 8 required Airway and Gutierrez to raise the affirmative defense of release by virtue of the Liability Waiver when they previously answered Plaintiffs' Second Amended Complaint. Airway and Gutierrez failed to do so. The Court thus concludes that Airway and Gutierrez waived reliance on the Liability Waiver by failing to raise this affirmative defense when answering Plaintiffs' Complaint in state court.

### B. Warsaw Convention/Montreal Convention

Even were the Court to find that Airway and Gutierrez did *not* waive reliance on the Liability Waiver, the Liability Waiver is unenforceable under the Warsaw Convention.[7] Airway and Gutierrez do not argue the Warsaw Convention does not apply to the subject plane crash. However, Airway and Gutierrez argue that the Liability Waiver constitutes a valid agreement releasing them from liability under Florida law despite the Warsaw Convention's applicability. For support, Airway and Gutierrez accurately observe that waivers are generally valid and enforceable under Florida law. *See, e.g. Sanislo v. Give Kids the World, Inc.*, 157 So. 3d 256 (Fla. 2015); *Banfield v. Louis,* 589 So. 2d 441 (Fla 4th DCA 1991); *Hardage Enters, Inc. v. Fidesys Corp., N.V.,* 570 So. 2d 436, 437 (Fla. 5th DCA 1990). Airway and Gutierrez emphasize the portion of the Liability Waiver that reads "any claim shall be adjudicated in and governed by the laws of the state of Florida." ECF No. [37-2] ¶ EE. Accordingly, Airway and Gutierrez argue this Court should apply substantive Florida law and enforce the Liability Waiver.

---

[7] The Court generally refers to the Warsaw Convention, as it is commonly used to refer to both the Warsaw Convention and the Montreal Convention. Citations distinguish between the Warsaw and Montreal Conventions.

9

Plaintiffs respond that the Liability Waiver is unenforceable under Florida law because the Liability Waiver is ambiguous. Further, Plaintiffs contend that the Liability Waiver does not apply to Gutierrez. The Court need not determine whether the Liability Waiver is ambiguous or otherwise unenforceable under Florida law because it concludes the Warsaw Convention is the exclusive remedy for recovering damages suffered in connection with the subject plane crash. *Vanderwall*, 80 F. Supp. 3d at 1335. Whether the Liability Waiver is enforceable under Florida law is therefore irrelevant, as the Warsaw Convention preempts its enforcement under state law.

In their Reply, Airway and Gutierrez recognize the application of the Warsaw Convention to international travel, but argue the Warsaw Convention does not preclude the parties from negotiating and entering into a different agreement limiting liability. For support, they cite to *Block v. Compagnie Nationale Air France,* 229 F. Supp. 801 (N.D. Ga. 1964), *aff'd, Block v. Compagnie Nationale Air France*, 386 F. 2d 323 (5th Cir. 1967).[8]

Airway and Gutierrez are correct that the Warsaw Convention generally allows parties to enter into agreements providing for *different* limitations of liability. However, such agreements may only provide for a limitation of liability *above* the Convention's cap of $75,000.00 USD.[9] *See* Montreal Convention art. 21(1). Agreements fixing liability below $75,000.00 are explicitly unenforceable under the Warsaw Convention. *Id.* art. 26 ("Any provision *tending to relieve the carrier of liability* or to fix a lower limit than that which is laid down in this Convention shall be null and void[.]") (emphasis added).

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit rendered before October 1, 1981.

[9] As noted above, the United States' implementing regulation fixes this cap on liability at $75,000.00. 14 C.F.R. § 203.4 (2019)

Furthermore, *Block* does not support the conclusion that agreements executed under state law are enforceable where the Warsaw Convention applies as the exclusive remedy. To the contrary, the court in *Block* squarely held that, despite a private agreement executed under Georgia law, "the Warsaw Convention would be applicable, and the passenger or passengers would be entitled to the presumption of liability contained in the Warsaw Convention as against Air France, and Air France, the air carrier, would be entitled to the limitation of liability also contained in the Convention as against the passengers." *Id.* at 809. Moreover, the Supreme Court has made clear that the "Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law." *El Al Isr. Airlines v. Tsui Yuan Tseng*, 525 U.S. 155, 176 (1999). Airway and Gutierrez's position is thus foreclosed by the plain language of the Warsaw Convention and binding precedent.

The Liability Waiver provides that Airway is released from *all* liability arising from the subject plane crash. As such, the Liability Waiver is therefore unenforceable under the Warsaw Convention, as it constitutes a "provision tending to relieve the carrier of liability[.]" Montreal Convention art. 26. Airway and Gutierrez have accordingly failed to show the Liability Waiver establishes that Plaintiffs have failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Airway Air and Gutierrez's Motion to Dismiss Plaintiff's Fourth Amended Complaint, **ECF No. [38]**, is **DENIED**.

2. Airway Air and Gutierrez's shall file their Answers to the Complaint **by April 19, 2024.**

Case No. 23-cv-23654-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies To:

Counsel of Record