UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

RICHARD C. MURPHY, III; and             CASE NO. 23-cv-23654-Bloom/Otazo
KATHLEEN T. MURPHY, his wife,

        Plaintiff,

v.

AIRWAY AIR CHARTER, INC.
d/b/a Noble Air Charter; VENTURE
AIR SOLUTIONS, INC.;
ALEX GUTIERREZ, individually; and,
ATLANTIC  AVIATION – OPA  LOCKA
LLC d/b/a Atlantic Aviation

        Defendants.
_____/

## DEFENDANT VENTURE AIR SOLUTIONS, INC`S MOTION FOR FINAL SUMMARY AS TO COUNT III AND THE LOSS OF CONSORTIUM CLAIM OF PLAINTIFFS` FOURTH AMENDED COMPLAINT

Defendant, Venture Air Solutions, Inc., (hereinafter "Venture"), by and through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 56, files this, its Motion for Final Summary Judgment as to Count III and the Loss of Consortium claim of Plaintiffs` Fourt Amended Complaint [D.E. 37], and in support thereof, states as follows:

### BACKGROUND

1.      This action arises out of an aircraft accident that occurred onboard a Twin-engine Cessna 402B, Registration N145TT (hereinafter the "Aircraft"), owned by Venture, and operated by Defendant Airway Air Charter, Inc. d/b/a/ Noble Air Charter (hereinafter "Noble"), flying between Opa Locka, Florida and Chub Cay, Bahamas, on January 5, 2022. Alex Gutierrez ("Gutierrez"), as pilot-in-command of the Aircraft, had to ditch the Aircraft (perform a water

1

landing) just short of Chub Cay. Plaintiff RICHARD C. MURPHY, III was a passenger aboard the Aircraft and alleges injuries resulting from the ditching. [D.E. 37].  A statement of Material Facts in support of this motion, and required by Southern District of Florida Local Rue 56.1, is attached hereto as Exhibit A (hereinafter referred as "SMF").

## SUMMARY OF THE ARGUMENT

49 U.S.C. § 44112 preempts contrary Florida state tort law and bars Plaintiffs` claims under Florida`s dangerous instrumentality laws, because Venture was the owner and lessor who was neither in control of, nor actual possession of, the Aircraft at the time of the water landing. [SMF, p. 1-2.] The undisputed evidence in this matter makes clear that Noble (the air carrier), was at all relevant times in physical possession and exercised operational control over the Aircraft pursuant to the terms of an exclusive written lease agreement between Noble and Venture. [SMF, p. 1-2.]

## MEMORANDUM OF LAW

### I.  Legal Standard for Summary Judgment

"Rule 56(a) of the Federal Rules of Civil Procedure provides that '[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law.'" *GamerModz, LLC v. Golubev*, 2011 U.S. Dist. LEXIS 116608, at *9 (M.D. Fla. Aug. 3, 2011). "The Court must draw all inferences from the evidence in the light most favorable to the nonmoving party and resolve all reasonable doubts in that party's favor." *Automotores Galindo, S.A. v. Ford Motor Co.*, 2015 U.S. Dist. LEXIS 100259, at *6 (S.D. Fla. July 31, 2015). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material

fact.'" *Spadaro v. City of Miramar*, 2013 U.S. Dist. LEXIS 16714, at \*10 (S.D. Fla. Feb. 7, 2013) (citations omitted). "To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case." *Id*. "Once the moving party meets the initial burden, the burden shifts to the nonmoving party 'to demonstrate that there is indeed a material issue of fact that precludes summary judgment.'" *Samedi*, 134 F. Supp. 2d, 1327-28. Further, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Spadaro*, 2013 U.S. Dist. LEXIS 16714, at \*10-11. "If the evidence advanced by the nonmoving party 'is merely colorable, [\*9] or is not significantly probative, summary judgment may be granted.'" *Id*.

## II.  49 U.S.C. § 44112 bars all of Plaintiffs claims against Venture, because it did not operate or control the aircraft.

Pursuant to 49 U.S.C. § 44112, an aircraft owner or lessor[1], who leases an aircraft for a period of at least 30 days, is only liable for the personal injury or death of another caused by the aircraft if the owner or lessor was "in actual possession or control" of the aircraft at the time the actions complained of occurred. The statute provides as follows:

(a) Definitions. In this section-

(1) "lessor" means a person leasing for at least 30 days a civil aircraft, aircraft engine, or propeller.

(2) "owner" means a person that owns a civil aircraft, aircraft engine, or propeller.

(3) "secured party" means a person having a security interest in, or security title to, a civil aircraft, aircraft engine, or propeller under a conditional sales contract, equipment trust contract, chattel or corporate mortgage, or similar instrument.

---

[1] 49 U.S.C. §44112(a) defines "lessor" as "a person leasing for at least 30 days a civil aircraft, aircraft engine, or propeller."

(b) Liability. A lessor, owner, or secured party is liable for personal injury, death, or property loss or damage on land or water only when a civil aircraft, aircraft engine, or propeller is in the actual possession or control of the lessor, owner, or secured party, and the personal injury, death, or property loss or damage occurs because of -

(1) the aircraft, engine, or propeller; or

(2) the flight of, or an object falling from, the aircraft, engine, or propeller.

*49 U.S.C. § 44112*

It is undisputed that Venture leased the subject Aircraft to Noble under a written lease agreement that was in place for more than 30 days. [SMF, p. 1-2.] It is also undisputed that Noble, and not Venture, had exclusive operational control of the Aircraft at the time of the accident. [SMF, p. 1-2.] Pursuant to the federal statute and the evidence in this case Venture cannot be held liable under Florida`s Dangerous instrumentality Doctrine. It is undisputed that Venture is the owner and lessor of the Aircraft and that Venture was not in the actual possession or control of the Aircraft between the time the dry lease with Noble was signed until the time of the accident. [SMF, p. 1-2.] Rather, the undisputed evidence shows that Defendant Noble maintained exclusive operational control of the Aircraft at all relevant times, including the time of the accident. [SMF, p. 1-2.] There is no evidence in the case supporting the idea that Venture controlled or operated the Aircraft in any way. Accordingly, the claims against Venture are contrary to *49 U.S.C. §44112 (b) (2018),* are preempted by Federal Law, and should be dismissed.

### III. The Federal Statue and its legislative history

Precluding any anticipated reliance on *Vreeland v. Ferrer*, 71 So. 3d 70, (Fla. 2011), we find it necessary to further discuss the legislative history of 49 U.S.C. §44112 (b). The FAA

Reauthorization Act of 2018 enacted on October 5, 2018, has clarified, and confirmed the preemptive effect of 49 U.S.C. section §44112 intended to shield from liability owners, lessors, and secured <u>parties not in operational control of an aircraft for injuries to passengers during an airplane accident</u>.  The clarification comes in the form of an amendment to the federal statute, 49 U.S.C. section §44112 (b).  Before the amendment, 49 U.S.C. section §44112 (b) provided in part that:

> Liability. A lessor, owner, or secured party is liable for personal injury, death, or property loss or damage <u>on land or water</u> only when a civil aircraft, aircraft engine, or propeller is in the actual possession or control of the lessor, owner, or secured party, and the personal injury, death, or property loss or damage occurs because of--
>
> (1) the aircraft, engine, or propeller; or
>
> (2) the flight of, or an object falling from, the aircraft, engine, or propeller.

Courts in a minority of jurisdictions limited the preemptive effect of the federal statute depending on whether the injured person was on the ground or a passenger on board an aircraft. For example, In *Vreeland v. Ferrer*, 71 So. 3d 70, (Fla. 2011), the Court found that the limitation of liability articulated by section 44112 "would apply only to individuals and property that are underneath the aircraft during its flight, ascent, or descent". *Id*. at 80. However, the FAA Reauthorization Act of 2018, Section 514, titled "Aircraft Leasing" amended 49 U.S.C. section §44112 (b) by deleting "on land or water" preceding "only when", and inserted "operational" before "control". As a result, the Vreeland`s reasoning[2], that the injured person must be

---

[2] Relying on the words "on land or water," the Florida Supreme Court found that the limitation of liability found in 49 U.S.C. § 44112 "only applies to death, injury, or damage that is caused to people or property that are physically on the ground or in the water. Specifically, the limitation on liability would apply only to individuals and property that are underneath the aircraft during its flight, ascent, or descent." Accordingly, the court found that this provision of federal law did not apply to the defendant aircraft owner because the decedent "was not 'on land or water' at the time of the crash—he was a passenger inside the aircraft."

"underneath" the aircraft, is no longer applicable. Additionally, the majority of courts had held, or suggested in dicta, that the statute provided immunity to owners, lessors and secured parties not in actual possession or control of the aircraft for state law claims arising out of injuries to persons, regardless of whether or not they were on board the accident aircraft. [3]

Section 514 of the 2018 Act eliminates the phrase "on land or water" from section 44112. By removing this language, Congress directly overturned the *Vreeland* court's holding that federal law does not preempt state dangerous instrumentality laws.

### IV.  Plaintiffs` Loss of Consortium claims fail as a matter of law.

The Plaintiffs are also seeking Loss of Consortium damages with respect to Count III against Defendant Venture. [D.E. 37 ¶ 45], which are inconsistent with Florida Law. "[A] loss of consortium claim is a derivative claim to the claim of the injured spouse. '[The spouse`s] right of action is a derivative right and she may recover only if her husband has a cause of action against the same defendant.' *Gates v. Foley*, 247 So.2d 40,45 (Fla. 1971). Because the cause of action for loss of consortium is derivative, it must accrue when the injured spouse`s claims accrues. *See Tremblay v. Carter*, 390 So. 2d 816,817 (Fla.2d DCA 1980)." *Philip Morris USA, Inc. v. Rintoul*, 342 So. 3d 656,674 (Fla. 4th DCA 2022)[4]. As demonstrated above, since neither Plaintiff has a claim against Venture as to Count III, neither Plaintiff has a loss of consortium claim against defendant Venture.

---

[3] See, e.g., Matei v. Cessna Aircraft Co., 35 F.3d 1142 (7th Cir. 1994) (predecessor statute to 49 U.S.C. §44112 and Illinois bailment law precluded liability against aircraft owner because owner did not retain possession or control of aircraft and did not have knowledge of alleged defects); In re Lawrence W. Inlow Accident, 2001 WL 331625 (S.D. Ind. Feb. 7, 2001) (49 U.S.C. §44112 precluded liability of sublessor of helicopter following death of passenger hit in head with rotor while disembarking); Mangini v. Cessna Aircraft Co., 2005 WL 3624483 (Conn. Super. Dec. 7, 2005) (49 U.S.C. §44112 pre-empted negligence claims on behalf of deceased passenger against owner whose aircraft made emergency landing and crashed); Esheva v. Siberia Airlines, 499 F. Supp. 2d 493, 499 n.4 (S.D.N.Y. 2007) (stating in dicta that aircraft lessor would be "absolutely immune for such liability in the United States" for claims of derivative liability brought on behalf of passengers of airplane that crashed); Escobar v. Nevada Helicopter Leasing LLC, 2016 WL 3962805 (D. Haw. July 21, 2016); Lu v. Star Marianas Air, Inc., 2015 WL 2265464 (D.N.Mar.I. May 12, 2015).
[4] Warner, J, concurring in part and dissenting in part.

## CONCLUSION

As 49 U.S.C. § 44112 is controlling in this matter, and Venture at no time had actual possession or control of the aircraft, Plaintiffs have no basis upon which to pursue their claims against Venture, and Venture is entitled to judgment as a matter of law.

**WHEREFORE**, based on the foregoing, Defendant Venture respectfully requests that this Court grant its Motion for Summary Judgment, and for any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed on 12 April 2024 via electronic format with the Clerk of the Court using CM/ECF.

**GRIFFIN & SERRANO, P.A.**
Attorneys for Defendants
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

/S/ Cecilia Torello
_____
Juan R. Serrano
Florida Bar No. 319510
Cecilia Torello
Florida Bar No. 1018230

Service List

GARAY LAW
Robert L. Parks
*Counsel for Plaintiffs*
300 Sevilla Avenue, Suite 206
Coral Gables, FL 33134

7

bob@garaylawfirm.com
ana@garaylawfirm.com
Tel: (305) 445-4430
Fax: (305) 445-4431


Joel S. Perwin, Esq
*Co-Counsel for Plaintiff*
1680 Michigan Avenue, Suite 700
Miami Beach, FL 33139
Tel: (305) 779-6090
jperwin@perwinlaw.com
sbigelow@perwinlaw.com


*Counsel for Plaintiff*

Nicole T. Melvani
Florida Bar No. 108361
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
Telephone: (703) 245-9300
Fax: (703) 245-9301
Nicole.Melvani@wilsonelser.com

Sergio R. Casiano, Jr.
Florida Bar No. 457302
100 Southeast Second Street – Suite 2100
Miami, Florida 33131
Telephone: (305) 374-4400
 Fax: (305) 579-0261
Sergio.casiano@wilsonelser.com

William J. Katt (Pro Hac Vice To Be Filed)
555 East Wells Street,
Suite 1730
Milwaukee, Wisconsin 53202
Telephone: (414) 276-8816
Fax: (414) 276-8819
William.Katt@wilsonelser.com


*Counsel for Defendant Atlantic Aviation, Inc.*