**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-23654-BLOOM/Torres**

RICHARD C. MURPHY, III; and
KATHLEEN T. MURPHY

    Plaintiffs,

        vs.

AIRWAY AIR CHARTER INC.
d/b/a Noble Air Charter; VENTURE
AIR SOLUTIONS, INC.;
ALEX GUTIERREZ, individually; and.
ATLANTIC AVIATION – OPA LOCKA
LLC d/b/a Atlantic Aviation,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO COUNT III AND LOSS OF CONSORTIUM CLAIM**

**THIS CAUSE** is before the Court upon Defendant Venture Air Solutions, Inc.'s ("Venture") Motion for Final Summary Judgment as to Count III and the Loss of Consortium Claim, ECF No. [50] ("Motion"). Plaintiffs Richard Murphy and Kathleen Murphy (collectively "Plaintiffs") filed a Response, ECF No [56] ("Response"). The Court has reviewed the Motion, the supporting and opposing submissions,[1] the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

---

[1] Venture filed a Statement of Material Facts, ECF No. [50-1] ("SMF"), in support of their Motion. Plaintiffs did not file a response in opposition to Defendant's Statement of Material Facts. However, Plaintiffs Response provides they do not oppose Venture's Motion.

Case No. 23-cv-23654-BLOOM/Torres

**I. BACKGROUND**

Plaintiffs filed their Fourth Amended Complaint on December 22, 2023, ECF No. [37]. The Fourth Amended Complaint contains the following allegations:

On January 5, 2022, Plaintiff Richard C. Murphy, III ("Murphy") boarded a Cessna 402B, Registration N145TT ("Aircraft") in Opa Locka, Florida with a final destination of Chub Cay, The Bahamas. *Id.* ¶ 18. The Aircraft is owned by Venture and was operated by Defendant Airway Air Charter, Inc., with Defendant Atlantic Aviation – Opa Locka, LLC providing supplies and fuel. *Id.* ¶¶ 9-10, 17. Gutierrez was the pilot in command on January 5, 2022. *Id.* ¶ 11. Murphy was the sole passenger. *Id.* ¶ 18. The Aircraft ran out of fuel mid-flight, causing it to crash into the ocean. *Id*. Murphy sustained several injuries as a result of the crash, including spinal fractures. *Id.* Kathleen Murphy suffered a loss of consortium due to the injuries her husband suffered from the subject plane crash. *Id*. ¶ 45.

Relevant here, Count III alleges Venture is vicariously liable for Airway Air Charter, Inc. and Gutierrez's negligent operation and piloting of the Aircraft. Plaintiff Kathleen Murphy also claims entitlement to damages for loss of consortium "[w]ith respect to Count III[.]" ECF No. [37] ¶ 45.

**A. Material Facts**

The Aircraft at issue in this matter is owned by Venture. SMF ¶ 1; *see* ECF No. [1-3]. At all times relevant, Airway Air Charter, Inc. was the operator of the subject Aircraft and was authorized by the Federal Aviation Administration ("FAA") to operate as an air carrier and conduct common carrier operations in accordance with the Federal Aviation Act of 1958. SMF ¶ 2; ECF No. [1-4]. Venture leased the Aircraft on an exclusive basis to Airway Air Charter, Inc. pursuant to the written lease executed by Venture and Airway Air Charter, Inc. SMF ¶ 4; *see* ECF No. [1-6].

The written lease agreement provides Airway Air Charter, Inc. has exclusive possession and control of the Aircraft from the date it leased the Aircraft from Venture through the date of the subject incident. *Id.* The written agreement further provides Airway Air Charter, Inc. was only permitted to operate the Aircraft with licensed pilots and obligates Airway Air Charter, Inc. to ensure the Aircraft was "continuously maintained" in accordance with federal aviation regulations and applicable airworthiness inspections and manuals. SMF ¶ 6; *see* ECF No. [1-6] at 3. The pilot of the Aircraft at the time of the Incident, Alex Gutierrez, was employed by Airway Air Charter, Inc. SMF ¶ 7; *see* ECF No. [1-5] at 6. Alex Gutierrez has no relationship with Venture. SMF ¶ 7. Venture does not employ any pilots. *Id.* ¶ 9.

## II. LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

**III. DISCUSSION**

Venture argues it is entitled to summary judgment on Count III and Plaintiffs' loss of consortium claim. For support, Venture observes 49 U.S.C. § 44112 restricts liability for personal injury or death caused by aircraft accidents to owners or lessors who were "in actual possession or control" of the aircraft. 49 U.S.C. § 44112(b). Venture contends Count III accordingly fails as a matter of law because it is undisputed Venture was not in actual possession or control of the Aircraft at the time of the Incident. Further, Venture argues Plaintiffs' loss of consortium claim also fails as such damages are not recoverable where, as here, Plaintiffs lack a viable cause of action against Venture. Plaintiff does not oppose this relief.

4

Case No. 23-cv-23654-BLOOM/Torres

Venture is correct that 49 U.S.C. § 44112 narrows liability for personal injury or death caused by aircraft accidents to owners or lessors who were in actual possession or control of the aircraft. 49 U.S.C. § 44112(b). Venture is thus entitled to summary judgment with respect to Count III, as it is undisputed Defendant Airway Air Charter, Inc. and its pilot, Alex Gutierrez, were in actual possession or control of the Aircraft at all relevant times, not Venture. Moreover, the Court agrees that this conclusion is fatal to Plaintiffs' related loss of consortium claim. As Venture accurately points out, "a loss of consortium claim is a derivative claim to the claim of the injured spouse. '[The spouse's] right of action is a derivative right and she may recover only if her husband has a cause of action against the same defendant.'" *Philip Morris USA, Inc. v. Rintoul*, 342 So. 3d 656, 674 (Fla. 4th DCA 2022) (quoting *Gates v. Foley*, 247 So.2d 40,45 (Fla. 1971) (alterations accepted)). Plaintiff Kathleen Murphy's claim for loss of consortium damages consequently fails along with Count III.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Venture Air Solutions, Inc.'s Motion for Final Summary Judgment as to Count III and the Loss of Consortium Claim, **ECF No. [50]**, is **GRANTED**.

2. The Court will issue its final judgment with respect to Venture in a separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 25, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies To: Counsel of Record