UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23654-BLOOM/Torres

RICHARD C. MURPHY, III,
and KATHLEEN T. MURPHY,

      Plaintiffs,

v.

AIRWAY AIR CHARTER, INC, *et al.*,

      Defendant.

_____/

**ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** is before the Court upon Plaintiffs Richard C. Murphy, III, and Kathleen T. Murphy's Objections to the Magistrate Judge's Report and Recommendation on Defendant's Motion for Attorneys' Fees and Costs, ECF No. [198]. Defendant Venture Air Solutions, Inc. ("Venture") filed a Response in Opposition ("Response"), ECF No. [204]. For the reasons that follow, the Objections are overruled and the Report and Recommendation is adopted.

**I.   BACKGROUND**

The Court generally assumes the Parties' familiarity with this case and adopts the background recounted in the Report and Recommendation ("R&R"). *See* ECF No. [159] at 2. Relevant here, the Third Amended Complaint was originally filed in state court in the Eleventh Judicial Circuit in and for Miami-Dade County on August 30, 2023. ECF No. [1-1]. Defendant Atlantic Aviation, Inc., ("Atlantic") thereafter removed the case to federal court pursuant to this

Court's federal question jurisdiction[1] and the Court's admiralty jurisdiction. ECF No. [1]. Plaintiffs did not challenge the removal.

On December 15, 2023, Plaintiffs sought leave to file a new amended complaint. *See* ECF No. [33]. The Court granted the motion,[2] and on December 22, 2023, Plaintiffs filed their Fourth Amended Complaint. ECF No. [37].[3] The Complaint only alleged one claim against Venture: vicarious liability relying on the dangerous instrumentality doctrine. *See id.* at 8. Based on the dangerous instrumentality claim, Plaintiffs also sought to recover damages for loss of consortium from Venture. *Id.* at 9.

Venture moved for summary judgment on the dangerous instrumentality claim and the accompanying loss of consortium claim, contending that 49 U.S.C. § 44112 barred any claim against Venture. ECF No. [50]. Plaintiffs agreed that the federal defense was valid and did not object to the motion for summary judgment. ECF No. [56]. Accordingly, the Court granted the motion and entered a final judgment in favor of Venture on June 26, 2024. ECF Nos. [66], [67]. In light of the judgment in its favor, Venture filed the instant Bill of Costs, ECF No. [102], and Motion for Attorneys' Fees and Costs. ECF No. [108].

Plaintiffs opposed the Bill of Costs, arguing that Venture was not entitled to costs as Venture prevailed on federal claims. ECF No. [104] at 3. Therefore, since the taxable costs were discretionary, Plaintiffs maintained that Venture's request for taxable costs should be denied because Venture failed to show that the costs were necessary to litigating their claims. *Id.*

---

[1] The claims giving rise to the Court's federal question jurisdiction were the claims arising under international treaty. ECF No. [1].

[2] ECF No. [32].

[3] While Plaintiffs originally filed their Fourth Amended Complaint on December 18, 2023, they filed the "corrected" version of the operative Complaint on December 22, 2023. *See* ECF Nos. [35], [37].

Regarding the Motion for Attorneys' Fees and Costs, Plaintiffs argued Venture could not obtain either because the claims against Venture were federal in nature, and under federal law, the American rule requires that parties pay their own attorneys' fees and costs. ECF No. [112].

On October 2, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant Venture's Bill of Costs, but only grant its Motion for Attorneys' Fees and Costs in part. ECF No. [159]. Plaintiffs timely filed their Objections to the R&R on October 28, 2024, to which Venture filed its Response on November 4, 2024.[4] ECF Nos. [198], [204]. With the matters being fully briefed, Venture's Motions, the R&R, and Plaintiffs' objections are now all properly before the Court.

## II. LEGAL STANDARD

### A. Review of Objections to Report and Recommendation

When ruling on a report and recommendation, the district court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation. 28 U.S.C. § 636(b)(1). "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R.

---

[4] The Court granted Plaintiffs' request for an extension of time to file objections to the R&R and reset the deadline to file such objections for October 28, 2024. ECF No. [174]. Consequently, the objections were timely.

Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

Accordingly, "[a] party cannot invoke the district court's *de novo* review of a magistrate judge's R&R" by "merely restat[ing] the arguments previously presented, asserting a general "disagreement with a magistrate's suggested resolution, or by "simply summariz[ing] what has been presented before." *Martin v. Kijakazi*, Case No. 22-20469, 2023 WL 2623315, at *2 (S.D. Fla. Mar. 24, 2023) (quoting *Holland v. Colvin*, No. 4:14–cv–194, 2015 WL 1245189, at *3 (N.D. Ala. Mar. 18, 2015) (additional level of citation omitted)). The party must point to the specific error made by the magistrate judge in his or her report and recommendation along with the accompanying authority supporting the objection. *See Koda v. Comm'r of Soc. Sec.*, No. 21-60934, 2022 WL 4354042, at *3 (S.D. Fla. Sept. 20, 2022) (quoting *Borges v. Berryhill*, Civ. Act. No. 17-22114, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018)). However, a party may also be barred from raising entirely new arguments "that were not in the first instance, presented to the magistrate judge." *Borges*, 2018 WL 1083964, at *1 (citing *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009)).

**III.   DISCUSSION**

   **A. Attorneys' Fees**

The Court begins by addressing the primary issue in contention—attorneys' fees. Venture contends that it is entitled to $28,359.75 in attorneys' fees as a prevailing party pursuant to Fla. Stat. § 768.79 for its successful defense of Plaintiffs' dangerous instrumentality and loss of consortium claims. ECF No. [108]. While Plaintiffs acknowledged in their Response that Venture prevailed on both issues, Plaintiffs argued that "[t]he entire case against V[enture] is governed by

4

federal law," and as such, "the Court's jurisdiction here as against V[enture] is strictly under federal question jurisdiction," not supplemental jurisdiction. ECF No. [112] at 2. According to Plaintiffs, "federal law preempts state law as to any claim against or defense of [Venture]," therefore, "the substantive law of the Florida offer of judgment statute [, Fla. Stat. § 768.79,] does not apply." ECF No. [112] at 3. Because federal law has adopted the American rule for attorneys' fees, Plaintiffs maintained Venture had no basis to recover attorneys' fees as the prevailing party.

In the R&R, the Magistrate Judge found Plaintiffs' arguments as to attorneys' fees "wholly without merit." ECF No. [159] at 6. The Magistrate Judge concluded that the dangerous instrumentality claim was a state law claim given that Plaintiffs specified in the operative Complaint, Venture was liable for that claim "under Florida Law." *Id.* (quoting ECF No. [35] at ¶ 38. Additionally, since the loss of consortium claim accompanied Plaintiffs' dangerous instrumentality claim, the Magistrate Judge found the loss of consortium was governed under state law rather than federal law. *Id.* While the Magistrate Judge acknowledged Venture asserted a federal defense, the judge noted that Plaintiffs provided "no authority to suggest the invocation of a federal defense transforms a state law claim to a federal claim for purposes of fees and costs." *Id.* Accordingly, since Venture prevailed as to two separate state law claims, the Magistrate Judge recommended that the Court award Venture attorneys' fees as a prevailing party under Fla. Stat. § 768.79. *See id.*

On October 28, 2024, Plaintiffs filed their Objections to the Magistrate Judge's recommendation as to attorneys' fees. ECF No. [198]. In their Objections, Plaintiffs argue that this case was removed, in part, pursuant to the Court's admiralty jurisdiction. *Id.* at [1]. Therefore, regardless of how they plead their claims, Plaintiffs contend that once a court assumes admiralty jurisdiction, the substantive law of admiralty comes with it. *See id.* at 1-2.

5

According to Venture, however, Plaintiffs "have always argued their claims fall under the Warsaw Convention and Florida law." ECF No. [204] at 2. Venture contends that it was not until Plaintiffs filed their Objections to the R&R that they argued their claims against Venture arose under admiralty law. *Id.* Therefore, because Plaintiffs did not raise the issue of the Court's admiralty jurisdiction earlier, Venture claims the Objection is untimely. *See id.*

Moreover, even if the claims were timely, Venture argues that "Plaintiffs never pled an admiralty claim against Venture." ECF No. [204] at 3. Although Venture concedes this case was removed pursuant to the Court's federal question jurisdiction and admiralty jurisdiction, Venture argues the Court was also permitted to exercise supplemental jurisdiction over the state law claims in this case. *Id.* Therefore, since Plaintiffs never asserted admiralty claims against Venture, but instead, argued that the claims were Florida law claims, Venture contends that the Court was exercising supplemental jurisdiction over the Venture claims. As such, substantive state law governs the question of attorneys' fees. *See id.*

The Court finds that Plaintiffs' Objections with respect to attorneys' fees are untimely. As the Eleventh Circuit has made clear, when it comes to objections to a R&R, "a district court has discretion to decline to consider a party's argument when the argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009); *see also Winslett v. Nutribulle, LLC*, Case No. 19-14089-CIV, 2020 WL 3316022, at *1 (S.D. Fla. Mar. 30, 2020); *Starks v. United States*, Nos. 09–22352–CIV, 2010 WL 4192875, at *3 (S.D. Fla. Oct. 19, 2010) ("Arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation"). Prior to filing their Objections, Plaintiffs failed to make any argument or cite any legal authority that the claims against Venture were subject to admiralty jurisdiction or that substantive admiralty law applied. *See generally* ECF No. [112].

Indeed, in Plaintiffs' Response to Venture's Motion, Plaintiffs unequivocally asserted that "the Court's jurisdiction here as against VENTURE is **_strictly_** under **_federal question_** jurisdiction . . . ."[5] Thus, Plaintiffs failed to preserve any argument that the Court exercised admiralty jurisdiction over the claims or that substantive admiralty law governed the claims.

Moreover, Plaintiffs' Response failed to provide *any* indication that Plaintiffs' basis for opposing attorneys' fees was that the claims against Venture were admiralty claims governed by federal common law as opposed to Florida state law. Plaintiffs simply asserted in a conclusory fashion that its claims against Venture were federal in nature. There was no explanation or legal citation supporting Plaintiffs' contention that they brought federal law claims, notwithstanding that the Fourth Amended Complaint expressly states that the claims against Venture are brought under Florida law. *See* ECF No. [37]. Although Plaintiffs may indeed be correct that Venture is not entitled to attorneys' fees because the claims are governed by federal admiralty law, the Court need not reach the merits given Plaintiffs' failure to properly preserve the issue for the Court's review. Accordingly, the Court adopts the Magistrate Judge's R&R with respect to the recommendation on attorneys' fees.

---

[5] Indeed, in Plaintiffs' Response to the Bill of Costs, Plaintiffs were unequivocal that the claims against Venture are subject to the Court's federal question jurisdiction as "this action arises as to all Defendants—except ATLANTIC—under federal law (the Convention for the Unification of Certain Rules for International Carriage by Air concluded at Warsaw, Poland, October 12, 1929, as amended by the Protocol to Amend the Convention for Unification of Certain Rules Relating to international Carriage by Air, done at the Hauge on October 23, 1955)." Plaintiff never asserted that the claims arose under admiralty law or that they were governed by substantive admiralty law.

### B. Costs

#### a. *Non-Taxable Costs*

With respect to non-taxable costs, Venture seeks $6,206.48, which consists of the cost of five subpoenas ($58.30),[6] a mediator fee ($555.55), and the fees for two rebuttal expert witnesses: Keith Major ($833.33) and Dave Stetson ($4,759.30). *See* ECF No. [108-2] at 6. In the R&R, the Magistrate Judge recommended that the cost of the subpoenas should be granted and the mediation and expert witness fees be denied. The Magistrate Judge explained that while a prevailing party may recover all costs available under 28 U.S.C. § 1920, federal courts may "only tax costs outside of 18 U.S.C. § 1920 where a statute explicitly declares that the statute creates a substantive right to do so or a court explicitly declares that the statute creates a substantive right to costs." ECF No. [159] at 11 (citations and quotations omitted).[7] Accordingly, because only the costs of subpoenas are awardable under § 1920, the mediation fees and Venture's expert witness fees could not be recovered. Consequently, the Magistrate Judge recommended that the Court limit Venture's award for non-taxable costs to the $58.30 for the five subpoenas. Neither party raised any objections to this portion of the R&R. Accordingly, the Court must only review this portion of the R & R for clear error. *See Baloa Diaz v. Edi Korta, LLC*, Case No. 1:24-cv-20522, 2024 WL 3636641, at *1 (citing *Macort v. Prem, Inc.*, 208 Fed App'x 781, 784 (11th Cir. 2006)). Finding no clear error, the Court adopts the non-taxable cost portion of the R&R.

---

[6] While the R&R stated there were six subpoenas Venture sought to recover as non-taxable costs, ECF No. [159] at 10, Venture only requested to recover the cost of five subpoenas. *See* ECF No. [108-2] at 6.

[7] The Magistrate Judge also noted that Florida Statutes, § 768.79 does not provide an additional mechanism to recover costs here because a prevailing party may not recover any additional costs "under § 768.79 beyond those already awardable under § 1920." ECF No. [159] at 11 (quoting *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-CV-00595-T-24, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010)).

### b. Bill of Costs

In its Motion for Bill of Costs, Venture seeks $2,073.78 incurred for depositions and the accompanying transcripts. ECF No. [102]. Plaintiffs oppose the Bill of Costs because Plaintiffs contend Venture did not prevail on any state law claims and therefore is not entitled to such costs. *See* ECF No. [104] at 3. Furthermore, Plaintiffs contend that Venture has not demonstrated its defense required the depositions at issue. Consequently, the costs for those depositions should not be recoverable. *See id.*

In the R&R, the Magistrate Judge rejected Plaintiffs' entitlement to costs argument on the same grounds it rejected their argument against attorneys' fees. The Magistrate Judge clarified that the claims at issue were state law claims, not federal. Therefore, Venture prevailed on state law claims as required to recover costs under § 768.79. ECF No. [159] at 13.

The Magistrate Judge also found the costs of Venture's depositions to be reasonable. Not only were the depositions duly noticed, but Plaintiffs also offered no reason why the depositions were not necessary. ECF No. [159] at 14. Accordingly, the Magistrate Judge concluded that Plaintiffs' objections were insufficient and conclusory and therefore recommended that Venture be entitled to tax the full $2,073.78 sought for costs related to its depositions. *Id.*

Plaintiffs did not object to the Magistrate Judge's finding on this issue. *See* ECF No. [198] at 3. Therefore, since the Court finds no clear error in the Magistrate Judge's analysis, the Court adopts the Bill of Costs portion of the R&R as well.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation, **ECF No. [159]**, is **ADOPTED**.
2. Defendant Venture's Bill of Costs, **ECF No. [102],** is **GRANTED** in the amount of **$2,073.78**.

3. Defendant Venture's Motion for Attorneys' Fees and Non-Taxable Costs**, ECF No. [108],** is **GRANTED in part:**

   a. Defendant's request for attorneys' fees is granted in the amount of **$28,359.75**;

   b. Defendant's request for non-taxable costs is granted in part in the amount of **$58.30**;

4. Post-judgment interest shall apply at a rate of 4.86%.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 24, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record