UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23654-BLOOM/TORRES

RICHARD C. MURPHY, III, and
KATHLEEN T. MURPHY,

    Plaintiffs,

v.

AIRWAY AIR CHARTER, INC, *et al.*,

    Defendants.

_____/

## ORDER ON DEFENDANT'S MOTION TO QUASH SUBPOENA

This cause comes before the Court on Defendant, Alex Gutierrez's Objection to Plaintiff's Notice of Intent to Serve Third-Party Subpoena Duces Tecum Directed to American Airlines, Inc. ("American Airlines"). [D.E. 222]. No response has been filed, and the time to file any response has passed.[1] The Motion, therefore, is ripe for disposition.[2] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Defendant's Motion is **GRANTED in part**.

---

[1] Because no opposition was filed in response to Defendant's motion, the relief requested may also be granted by default under Local Rule 7.1.
[2] On December 20, 2024, the Honorable Beth Bloom referred this Motion to the Undersigned Magistrate Judge for disposition. [D.E. 223].

## *I.     BACKGROUND*

On October 28, 2024, the Court entered a Final Judgment in favor of Plaintiffs against Mr. Gutierrez and his co-Defendant, Airway Air Charter, Inc. [D.E. 184]. Seeking to execute on that judgment, Plaintiffs e-mailed Mr. Gutierrez's counsel with their intent to subpoena American Airlines (Mr. Gutierrez's employer) for production of documents.

> The subpoena requests:
>
> All records concerning Alex Gutierrez, including but not limited to, application and/or other employment records, related to employment with American Airlines, Inc., including but not limited to, his job application; paystubs and/or similar wage records; W-2's, and any and all other records regularly kept in Defendant's file regarding Alex Gutierrez.

[D.E. 222-1 at 6]. In the pending Motion, Mr. Gutierrez lodges two categories of objections to the subpoena: (1) it is overly broad, unreasonable, and not proportional to the case, and (2) wage information is not relevant because Mr. Gutierrez's wages are protected from garnishment.

Plaintiffs have not filed a response to the Motion. The Court, therefore, is entitled to grant Mr. Gutierrez's Motion by default and quash the subpoena in its entirety. Nonetheless, we will review the subpoena and Mr. Gutierrez's objections to determine the proper remedy.

## II.   ANALYSIS

We will first assess Mr. Gutierrez's objections to the subpoena's request for non-payment related information, before assessing the requests that seek wage information.

### A.   *Request for Non-Payment Related Information*

As an initial matter, Mr. Gutierrez objects that the subpoena seeks production of irrelevant and personal information. For example, Mr. Gutierrez argues that his "job application" is not relevant to these post-judgment proceedings. He further argues that "any and all other records regularly kept in [American Airlines] file regarding Alex Gutierrez" lack relevance to Plaintiff's judgment execution. This request could encompass, argues Mr. Gutierrez, flight training records and other similar performance records that have no bearing on this collection effort.

We agree with Mr. Gutierrez that, especially in light of no effort by Plaintiffs to substantiate these requests, production of his "job application" is unnecessary. It is not obvious that the contents of Mr. Gutierrez's job application are relevant, and Plaintiffs have not bothered to demonstrate the relevance of that information. Accordingly, on the "job application" score, Mr. Gutierrez's objections are sustained.

We also agree that the subpoena's request for "any and all other records regularly kept in [American Airlines] file regarding Alex Gutierrez" is overbroad and potentially irrelevant. On its face, this request is likely to produce a plethora of unnecessary documentation. As Mr. Gutierrez points out, "any and all" records could include Mr. Gutierrez's flight training records, his scores on certain examinations,

3

and other records that are not facially relevant to a post-judgment collection effort. Short of a showing by Plaintiffs that this request is relevant and not overbroad (a showing that Plaintiffs have not bothered to attempt), we also sustain Mr. Gutierrez's objection on this front.

### B. *Request for Payment Information*

Further, Mr. Gutierrez objects to the subpoena's request for "paystubs," "similar wage records," and "W-2's" for two separate reasons: that Mr. Gutierrez has already been asked to produce these documents, and that Mr. Gutierrez's earnings are protected from garnishment.

As to the first objection, the Court would be more receptive if Mr. Gutierrez had already produced the documents. But all Mr. Gutierrez indicates is that Plaintiffs have asked for similar documents in a discovery request. Further, Plaintiffs are entitled to verify and cross-reference production from Mr. Gutierrez with production from American Airlines. Indeed, there may exist wage records that, justifiably or not, Mr. Gutierrez fails to produce that American Airlines does produce. Thus, on this score, Mr. Gutierrez has failed to carry his burden and his objection is overruled.

The second objection, meanwhile, is also legally insufficient. Mr. Gutierrez contends that because he is a "head of family," Mr. Gutierrez's wages are protected from garnishment and, therefore, American Airlines need not respond to discovery regarding his income. But whether Mr. Gutierrez's wages can or cannot be garnished is a finding best suited for a garnishment proceeding where evidence can be presented and the Court can make a more informed (and ripe) determination. In other words,

while Mr. Gutierrez may prove in a garnishment proceeding that he is a head of family, that prospect has no bearing on the current discovery dispute. Thus, as far as discovery is concerned, Mr. Gutierrez's wages certainly remain relevant to this post-judgment execution effort and his objections are overruled.

### III.   CONCLUSION

For the reasons set forth above, Mr. Gutierrez's Motion is **GRANTED in part**. The subpoena Plaintiffs' served on American Airlines [D.E. 222-1 at 6] is quashed to the extent that it seeks "All records concerning Alex Gutierrez, including but not limited to, application and/or other employment records, related to employment with American Airlines, Inc., including but not limited to, his job application" and to the extent that it seeks "any and all other records regularly kept in Defendant's file regarding Alex Gutierrez." As to the remainder of the subpoena, Mr. Gutierrez's objections are overruled.

**DONE and ORDERED** in Chambers at Miami, Florida this 11th day of February, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge